**NTCRDO7 (11/06)**



In Re: **Sallie Benjamin Holt**

United States Bankruptcy Court for the
District of Columbia
E. Barrett Prettyman U. S. Courthouse
333 Constitution Ave, NW #1225
Washington, DC 20001
(202) 354–3280
www.dcb.uscourts.gov

Case No.: **10–01049**
Chapter: **7**

### NOTICE OF DEADLINE FOR FILING REQUIRED DOCUMENTS
========================================================

The following documents required by the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure have not yet been filed:

| | | | |
|---|---|---|---|
| ☑ | Schedules A–J (Official Form 6)[1] | ☐ | Statement of Financial Affairs (Official Form 7) |
| ☑ | Copies of All Payment Advices or Other Evidences of Payment/Statement That No Evidence of Payment Exists[2] | ☐ | Statement of Current Monthly Income and Means Testing Application (Form 22A or 22B for Ch–11) |
| ☑ | Records of the Debtor's Interests in an Account or Program of the Type Specified in 11 U.S.C. § 521(c)/Statement That No Interests Exist[3] | ☐ | Individual Debtor's Statement of Intention (Official Form 8) |

With the exception of the Individual Debtor's Statement of Intention (Official Form 8),[4] the missing documents indicated above must be filed by 11/5/2010 to comply with the Federal Rules of Bankruptcy Procedure. **Failure to file the missing documents within fourteen (14) days of the petition date may result in dismissal of this case.**

Copies to: Debtor(s); Attorney for the Debtor(s) (if any).
_____

1 All Official Forms are available at http://www.uscourts.gov/bkforms/bankruptcy_forms.html. If schedules D, E, or F are filed after the mailing matrix and list of creditors are filed, the debtor(s) must file either an amended mailing matrix and list of creditors or a certification that no changes have been made to the mailing matrix. Finally, the debtor(s) must pay a $26.00 fee if the schedules require the filing of an amended mailing matrix and list of creditors to add or delete a creditor.

2 A debtor who has received no payment advices or other evidence of payment from an employer within the sixty (60) days preceding the filing of the petition may satisfy the requirements of § 521(a)(1)(B)(iv) by filing a statement to that effect on the court's docket.

3 A debtor must file with the court a record of any interest that a debtor has in an individual retirement account (as defined in section 530(b)(1) of the Internal Revenue Code of 1986) or under a qualified State tuition program (as defined in section 529(b)(1) of the Internal Revenue Code of 1986). A debtor who has no interest in an account or program of this type may satisfy the requirements of § 521(c) by filing a statement to that effect on the court's docket.

[4] A debtor with consumer debts secured by property of the estate must "file with the clerk a statement of his intention with respect to the retention or surrender of such property and, if applicable, specifying that such property is claimed as exempt, that the debtor intends to redeem such property, or that the debtor intends to reaffirm debts secured by such property . . . ." 11 U.S.C. § 521(a)(2)(A). The statement of intention must be filed by the **earlier** of (1) thirty (30) days after the petition date, or (2) the meeting of creditors required by 11 U.S.C. § 341, although the court may set a different deadline for good cause. If a debtor fails to file a statement of intention in a timely manner, the automatic stay provided by 11 U.S.C. § 362 will terminate "with respect to personal property of the estate or of the debtor securing in whole or in part a claim, or subject to an unexpired lease, and such personal property shall no longer be property of the estate . . . ." 11 U.S.C. § 362(h).

Dated:  10/25/10

For the Court:
Clerk of the Court

By:
am